# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 7305 Brentwood Road, Philadelphia PA 19151

Address of Defendant: 333 Cottman Avenue, Philadelphia PA 19111

Place of Accident, Incident or Transaction: 333 Cottman Avenue, Philadelphia PA 19111
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐  No☒

Does this case involve multidistrict litigation possibilities?          Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) Americans with Disabilities Act

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: October 23, 2013          _Christopher A. Kwan_          74277
                                Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 23, 2013          _Christopher A. Kwan_          74277
                                Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _7305 Brentwood Road, Philadelphia PA 19151_

Address of Defendant: _333 Cottman Avenue, Philadelphia PA 19111_

Place of Accident, Incident or Transaction: _333 Cottman Avenue, Philadelphia PA 19111_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _Americans with Disabilities Act_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _October 23, 2013_     _[signature]_     _74277_
                              Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _October 23, 2013_     _[signature]_     _74277_
                              Attorney-at-Law      Attorney I.D.#

CIV. 609 (5/2012)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

FOX CHASE CANCER CENTER

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher A. Tinari, Esquire
Margolis Edelstein
Suite 400E - The Curtis Center
170 S. Independence Mall W.
Philadelphia PA 19106        215-931-5895

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, 28 U.S.C. 1331, 1343(3), 28 U.S.C. 167; 42 U.S.C. 1201 et seq.

Brief description of cause:
Disability discrimination; failure to accommodate; retaliation in employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE   10/23/2013

SIGNATURE OF ATTORNEY OF RECORD   *Christopher A Tinari*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ELAINE BARLEY | : | CIVIL ACTION |
| v. | : | |
| FOX CHASE CANCER CENTER | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | | |
|---|---|---|
| October 23, 2013 | Christopher A. Tinari | Plaintiff, Elaine Barley |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-931-5895 | 215-922-1772 | ctinari@margolisedelstein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

|  |  |  |
|---|---|---|
|  | ) |  |
|  | ) |  |
|  | ) |  |
| ELAINE BARLEY | ) |  |
| *Plaintiff(s)* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| FOX CHASE CANCER CENTER | ) |  |
| *Defendant(s)* | ) |  |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
FOX CHASE CANCER CENTER
333 COTTMAN AVENUE
PHILADELPHIA PA  19111

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                         *Server's signature*

                                         _____
                                                      *Printed name and title*

                                         _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Pennsylvania

| | | |
|---|---|---|
| ELAINE BARLEY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| FOX CHASE CANCER CENTER | ) | |
| *Defendant* | ) | |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   FOX CHASE CANCER CENTER
      *(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   October 23, 2013

                      *Signature of the attorney or unrepresented party*
                      Christopher A. Tinari, Esquire
                      Michael R. Miller, Esquire
                                *Printed name*
                      Margolis Edelstein
                      The Curtis Center - Suite 400E
                      170 S. Independence Mall W.
                      Philadelphia PA 19106
                                  *Address*
                      ctinari@margolisedelstein.com
                      mmiller@margolisedelstein.com
                              *E-mail address*
                      215-931-5808
                            *Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

### for the
Eastern District of Pennsylvania

| ELAINE BARLEY | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| FOX CHASE CANCER CENTER | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Christopher A. Tinari, Esquire
_____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

FOX CHASE CANCER CENTER
_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE BARLEY | : | |
| 7305 Brentwood Road | : | DOCKET NO. |
| Philadelphia, PA 19151 | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FOX CHASE CANCER CENTER | : | |
| 333 Cottman Avenue | : | JURY TRIAL DEMANDED |
| Philadelphia, PA 19111 | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, Elaine Barley ("Plaintiff") now initiates this above-captioned action against the above-captioned Defendant and demands judgment for all damages and harms they have caused her.

## INTRODUCTION

1.     This action seeks economic relief from unlawful conduct by Defendant, Fox Chase Cancer Center ("Defendant").

## JURISDICTION

2.     This action is brought pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory provisions.

3.      Jurisdiction exists over Plaintiff's state law claims based on supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4.      The amount in controversy exclusive of interest and costs exceeds the sum of One Hundred Thousand Dollars ($100,000.00).

<u>VENUE</u>

5.      All claims herein arose within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve a Defendant who resides and/or transacts business within the jurisdictional limits.  Venue is accordingly invoked by 28 U.S.C. § 1391(b) and (c).

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

6.      On or about August 10, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"). A copy of this Charge without narrative is attached hereto as <u>Exhibit "A"</u>.

7.      Plaintiff has exhausted all administrative remedies as to her Title VII and ADA claims where, on or about August 24, 2013, she received a Right to Sue letter, which is attached hereto as <u>Exhibit "B"</u>.

8.      Plaintiff has also exhausted her administrative remedies as to her PHRA claims where over one year has elapsed since she filed her Charge.  See <u>Wardlaw v. City of Philadelphia</u>, No. 09-3981, 2011 WL 1044936 at *3 (E.D. Pa. March 21, 2011) ("No right-to-sue

letter is required in connection with PHRA claims, and after the expiration of one year, a complainant may bring suit regardless of whether or not he has received a letter from the PHRC.").

## PARTIES

9.      Plaintiff is an individual who resides at 7305 Brentwood Road, Philadelphia, Pennsylvania 19151.

10.     Defendant is a corporation which has a principal place of business located at 333 Cottman Avenue, Philadelphia, Pennsylvania, 19111.

## FACTS

11.     Plaintiff suffers from chronic asthma and pulmonary disease, a severe condition which substantially limits her ability to breathe, work and engage in other major life activities.

12.     On or about February 27, 2012, Defendant hired Plaintiff as a Pathology Clerk.

13.     During Plaintiff's introductory physical, she advised Defendant about her chronic asthma and pulmonary disease disability.

14.     When working in March, 2012, Plaintiff suffered a series of severe and debilitating asthma attacks from exposure to chemicals in Defendant's Pathology Lab.

15.     Plaintiff notified Defendant's internal health services about each attack and that her exposure to the Pathology Lab's chemicals were causing her severe reactions.

16.     Defendant did not engage in the interactive process or seek to provide Plaintiff with a reasonable accommodation which would mitigate her exposure to these chemicals, instead continually sending her back into the Pathology Lab.

17.     In March, 2012, while attending a Health and Safety Meeting, Plaintiff approached her supervisor, Mary Ann Carroll-Tapley, to discuss her asthma attacks at the Pathology Lab and seek an accommodation for the same.  Ms. Carroll-Tapley suggested that a Medical Transcriptionist position opened up outside the Pathology Lab and that Plaintiff would be a qualified applicant for it.

18.     Plaintiff did apply for this Medical Transcriptionist position and was qualified for it due to her twenty years of transcriptionist experience before her hire by Defendant.

19.     In April, 2012, due to chemical exposure at the Pathology Lab, Plaintiff suffered an extremely severe asthma attack which required a week-long hospitalization.

20.     After being discharged, Plaintiff's physician would only release her to work on the condition that she be provided with an accommodation of a metal respirator mask which would allow her to receive continuous airflow and block the Pathology chemicals from triggering future attacks.

21.     Plaintiff's physician confirmed to Ms. Carroll-Tapley that Plaintiff needed to be provided with a metal respirator mask and that Defendant should explore transferring her to a position outside of the Pathology Lab.

23.     Defendant, however, disregarded Plaintiff's physician's recommendation and only provided Plaintiff with a paper mask.

24.     The paper mask only irritated Plaintiff's disability because it restricted her airflow and made it impossible for her to breathe while at work.

25.     In late April/early May, 2012, Plaintiff advised Ms. Carroll-Tapley that the paper mask was inadequate and that she needed a further accommodation.  Ms. Carroll-Tapley responded by scheduling a meeting with Plaintiff and another supervisor, Denise Greene, for May 10, 2012.

26.     At this May 10, 2012 meeting, instead of discussing Plaintiff's accommodation request, Ms. Carroll-Tapley told Plaintiff it was "not her responsibility" to provide an accommodation and that she "didn't know what to tell" Plaintiff in terms of her request.

27.     Also at this May 10, 2012 meeting, Ms. Greene asked that Plaintiff's probationary period be extended because of her hospitalization.  Ms. Carroll-Tapley, without providing any reason, denied this recommendation and declined to extend Plaintiff's probationary period.

28.     At no point during the May 10, 2012 meeting did Ms. Carroll-Tapley or Ms. Greene discuss with Plaintiff a reasonable accommodation which would not exacerbate Plaintiff's disability like the paper mask.

29.     At some point after her hospital discharge and these accommodation requests, Plaintiff did interview with Ms. Carroll-Tapley for the Medical Transcriptionist position away from the Pathology Lab.  Yet, Ms. Carroll-Tapley reversed course from her March, 2012 recommendations and told Plaintiff she would now not be considered for the transfer.  Ms. Carroll-Tapley's opinion and recommendation changed because of Plaintiff's request(s) for an accommodation.

30.     On or about May 16, 2012, Plaintiff made a formal, written request for a metal respirator to Defendant's internal health services.  Defendant never responded to that request.

31.     Instead, Defendant terminated Plaintiff on May 22, 2012, five days before her probationary period was set to expire.

COUNT I
42 U.S.C. § 12101 et seq.
AMERICANS WITH DISABILITIES ACT
DISABILITY DISCRIMINATION

32.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same where set forth herein at length.

33.     While working for Defendant, Plaintiff suffered from a disability pursuant to the ADA.

34.     Because of her condition, Plaintiff was treated differently than her similarly situated co-workers where (1) she was not allowed to work through her full probationary period; (2) her probationary period was not extended where she missed a week of work because of hospitalization caused by her exposure to chemicals at Defendant's work site; and (3) she was otherwise not fully able to access the terms and conditions of her employment because of her disability.

35.     Plaintiff was unfairly disciplined, not allowed to transfer to another position to which she was qualified and/or terminated because of her disability.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstances.

COUNT II
42 U.S.C. § 12101 et seq.
AMERICANS WITH DISABILITIES ACT
FAILURE TO ACCOMMODATE

36.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

37.     While working for Defendant, Plaintiff suffered from a disability pursuant to the Americans with Disabilities Act ("ADA").

38.     Plaintiff informed Defendant of her disability, and asked that she be accommodated on several occasions.

39.     Instead of accommodating Plaintiff, Defendant provided her with a "Hobson's Choice" between no accommodation and an accommodation which actually exacerbated her disability.

40.     Defendant further ignored requests to transfer Plaintiff outside the Pathology Lab to a position for which she was equally qualified and/or for an extension of her probationary period.  Defendant, through its agents, made these denials without suggesting a reasonable alternative or accommodation.

41.     Defendant's failure to accommodate Plaintiff caused her to be unfairly disciplined and to be terminated because of her disability.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)    award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)    award reasonable costs and attorney's fees;

(C)    award punitive damages;

(D)    grant any other relief that this court deems just and proper under the circumstances.

COUNT III
42 U.S.C. §12101 <u>et</u> <u>seq.</u>
AMERICANS WITH DISABILITIES ACT
<u>RETALIATION</u>

42.    Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

43.    On numerous occasions, as set forth above, Plaintiff requested from Defendant that she be accommodated due to her disability.

44.    As a result of Plaintiff's requests to be accommodated as set forth above, Defendant retaliated against her by issuing unfair discipline, denying to transfer her outside of the Pathology lab, denying to extend her probationary period and ultimately terminating her.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)    award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstances.

COUNT IV

43 P.S. 951 <u>et</u> <u>seq.</u>

PENNSYLVANIA HUMAN RELATIONS ACT

<u>DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETALIATION</u>

45.     Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

46.     Based on the foregoing paragraphs, Plaintiff has a remedy under Pennsylvania state law where she is disabled, requested a reasonable accommodation from Defendant, and was in turn treated differently, denied a transfer, had her probationary period ended early and ultimately terminated because of her disability and/or request for an accommodation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff front pay, back pay, wage increases, future economic loss, past economic loss, and compensatory damages including but not limited to pain, suffering, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the

circumstances.

Respectfully submitted,

Date:   October 23, 2013

MARGOLIS EDELSTEIN

*[signature]*

CHRISTOPHER A. TINARI, ESQUIRE
Pa. Attorney I.D. 74277
MICHAEL R. MILLER, ESQUIRE
Pa. Attorney I.D. 306904
170 S. Independence Mall West
Philadelphia, Pennsylvania 19106
Tel:    215.922.1100
Fax:    215.922.1774
*Counsel for Plaintiff, Elaine Barley*

# EXHIBIT "A"

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | __ FEPA<br>_X_ EEOC | 530-2012-03420 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr. Ms. Mrs.)<br>**Elaine Barley** | Home Phone (Incl. Area Code)<br>**262.262.2656** | Date of Birth<br>**01/15/1954** |
|---|---|---|
| Street Address<br>**7305 Brentwood Road, Philadelphia, Pennsylvania 19151** | City, State and ZIP Code | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>**Fox Chase Cancer Center** | No. Employees, Members<br>**50+** | Phone No. (Include Area Code)<br>**215.728.3544** |
|---|---|---|
| Street Address<br>**333 Cottr__n Avenue, Philadelphia, Pennsylvania, 19111** | City, State and ZIP Code | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE   __ COLOR   __ SEX   __ RELIGION   __ NATIONAL ORIGIN<br><br>_x_ RETALIATION   __ AGE   _x_ DISABILITY   __ OTHER (Specify below.) | Earliest<br>**01/2012**   Latest<br>**05/2012**<br><br>_X_ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

**Please see the attached narrative.**

RECEIVED - EEOC
PHILADELPHIA, D.O.
2012 AUG 10 P 5 21

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. – Yes, please dual-file. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLANANT |
| 7-31-12<br>Date          _Claire Barley_<br>                Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT "B"

*86640.0-00054*
*pendings*

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Elaine Barley**<br>**7305 Brentwood Road**<br>**Philadelphia, PA 19151** | From: **Cleveland Field Office**<br>**EEOC, AJC Fed Bldg**<br>**1240 E 9th St, Ste 3001**<br>**Cleveland, OH 44199** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2012-03420** | **Cynthia Stankiewicz,**<br>**Acting Director** | **(216) 522-7455** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Cynthia Stankiewicz*

**Cynthia Stankiewicz,**
**Acting Director**

AUG 20 2013

*(Date Mailed)*

Enclosures(s)

cc:

**Fay R. Trachtenberg**
**Associate University Counsel**
**Temple University**
**300 Sullivan Hall**
**1330 W. Polett Walk**
**Philadelphia, PA 19122-6087**

**Michael R. Miller**
**MARGOLIS EDELSTEIN**
**The Curtis Center**
**170 S. Independence Mall W., Suite 400E**
**Philadelphia, PA 19106**

Enclosure with EEOC
Form 161-B (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*